**Bertha Elizabeth MANIOLOS,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 10–4933–cv.**

United States Court of Appeals,
Second Circuit.

May 2, 2012.

---

1. The parties consented to assignment of this case for all purposes to the magistrate. *See*

Carlton M. Smith, Director, Benjamin N. Cardozo School of Law Tax Clinic, New York, N.Y., for Plaintiff–Appellant.

Jaimie Leeser Nawaday, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y., for Defendant–Appellee.

PRESENT: ROBERT A. KATZMANN, BARRINGTON D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Bertha Elizabeth Maniolos appeals from the October 7, 2010 judgment of the United States District Court for the Southern District of New York (Peck, *Mag.*),[1] following an October 4, 2010, 741 F.Supp.2d 555, Opinion and Order granting the motion of Defendant–Appellee the United States to dismiss Maniolos's Complaint for failure to state a claim. In this action, Maniolos contends that the United States wrongfully withheld from her a $300 payment to which she was entitled under the Economic Stimulus Act of 2008 ("ESA"), Pub.L. No. 110–185, 122 Stat. 613 (Feb. 13, 2008) (codified at I.R.C. § 6428). We presume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for failure to state

28 U.S.C. § 636(c).

a claim upon which relief can be granted, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.2009) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

This appeal was heard by the Court in tandem with a related but not formally consolidated action, *Sarmiento v. United States*, Nos. 11–3752–cv(L), 11–4495(XAP), which we resolve by a separate Opinion filed simultaneously with this summary order. For the reasons expressed in that Opinion, we conclude that all of the arguments Maniolos makes on appeal are without merit and affirm the judgment of the district court. Notably, as we hold in *Sarmiento*, payments made to taxpayers under the ESA "constitute tax refunds under the OIC agreements' additional consideration provision" and "tax refunds made pursuant to the ESA apply to the 2007 tax year." *Id.*, slip op. at 4 (2d Cir. May 1, 2012) (brackets and internal quotations omitted). Accordingly, the judgment of the district court is hereby **AFFIRMED.**